**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1419
_____

FRANK DOMBROSKI,

Appellant

v.

J.P. MORGAN CHASE BANK, N.A.


_____

On Appeal from the United States District Court
for the District of New Jersey
(District Court No. 2:11-CV-03771)
District Judge: Honorable Stanley R. Chesler
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
December 17, 2012
_____

Before: McKEE, *Chief Judge*, SLOVITER and VANASKIE, *Circuit Judges*

(Filed: February 4, 2013)
_____

OPINION
_____

McKEE, *Chief Judge*

Frank Dombroski appeals the district court's January 24, 2012 order denying leave to amend his Amended Complaint alleging a breach of contract. The court initially dismissed Dombroski's Amended Complaint, without prejudice, and ordered that he seek leave to further amend. The court's January 24th order denied leave to amend based on the court's conclusion that a second amendment would be futile. For the reasons discussed below, we will affirm. [1]

## I.

Since we write primarily for the parties who are familiar with this case, we only briefly recite essential facts. [2]

Dombroski claims that the contractual disclaimer in Chase's Code of Conduct is not sufficiently prominent and clear to preclude formation of a contract between him and Chase. His argument is essentially a claim that the disputed language of the disclaimer could have been clearer and more prominent. We do not doubt that is true. However, it is apparent that the language was sufficiently prominent and clear to negate Dombroski's attempt to claim that the Code of Conduct was a contract that Chase breached. In the opinion filed January, 24, 2012, the district court adequately explained why Chase was

---

[1] Dombroski's appeal of the district court's denial of his motion for leave to further amend encompasses the underlying ruling on the merits of his contract claim. *See, e.g., Lorenz v. CSX Corp.*, 1 F.3d 1406, 1414 (3d Cir. 1993) (reviewing the merits of appellant's underlying claim on an appeal from a district court's denial of leave to amend complaint based on, among other things, futility).

[2] The district court had original jurisdiction on grounds of diversity under 28 U.S.C. § 1332(a), and we have jurisdiction pursuant to 28 U.S.C. § 1291.

entitled to judgment as a matter of law on Dombroski's breach of contract claim. Accordingly, we will affirm the district court's rejection of that claim substantially for the reasons set forth in its opinion.

We do, however, believe the district court's analysis of Dombroski's judicial estoppel claim is flawed. The court relied upon our decision in *G-I Holdings, Inc. v. Reliance Ins. Co.*, 586 F.3d 247, 262 (3d Cir. 2009), in concluding that judicial estoppel does not apply unless the party to be estopped prevailed in the prior litigation in which it took a position contrary to the position it was currently taking before the court. *See Dombroski v. J.P. Morgan Chase Bank, N.A.*, No. 11-3771, 2012 WL 214343, at *2-3 (D.N.J. Jan. 24, 2012). That misinterprets our decision in *G-I Holdings*.

In denying Dombroski's judicial estoppel claim, the district court relied on the fact that the district court in *G-I Holdings* "never accepted Hartford's prior [contradictory] position." 586 F.3d at 262. However, the district court here failed to appreciate that that was not the basis of the holding. Rather, in *G-I Holdings*, we noted that "Hartford withdrew [the contradictory] position and asserted its new one . . . before the Court ruled on its motion to dismiss." *Id.* Moreover, the district court here failed to appreciate that the analysis in *G-I Holdings* specifically noted that: "in *Krystal Cadillac-Oldsmobile GMC Truck, Inc. v. General Motors Corp.*, 337 F.3d 314 (3d Cir. 2003), a bankruptcy case, we applied judicial estoppel even though no court had ever relied on the debtor's position." *G-I Holdings*, 586 F.3d at 262.

3

Accordingly, the district court erred in holding that judicial estoppel does not apply based on Chase's unsuccessful assertion of a contradictory position in *Pinsky v. JP Morgan Chase & Co.*, 576 F. Supp. 2d 559, 563 (S.D.N.Y. 2008).[3]

Moreover, in *G-I Holdings*, we also explained that, we "apply [judicial estoppel] to neutralize threats to judicial integrity however they may arise." *Id.* Here, judicial integrity is not threatened by refusing to create a contract between Dombroski and Chase. In fact, the opposite is true. We cannot ignore the plain disclaimer in the Code of Conduct and fashion a contract that was not intended. "[E]stoppel will not operate to create a contract that never existed [and] the court will not write a new contract for the parties by estoppel." *Ayer v. Bd. of Ed. of Cent. Sch. Dist. No. 1*, 330 N.Y.S.2d 465, 468-69 (Sup. Ct. 1972) (internal citations omitted); *see also Fin. Tech. Int'l, Inc. v. Smith*, 247 F. Supp. 2d 397, 409 n.8 (S.D.N.Y. 2002) ("estoppel may not be used to create rights where they do not already exist, but simply to prevent a party from enforcing rights which would result in a fraud or injustice.") (internal citations omitted).[4]

Thus, despite the district court's misinterpretation of *G-I Holdings*, and even though Chase does appear to be taking a position here that is inconsistent with the prior

---

[3] In *Pinsky*, Chase asserted that its "Code of Conduct, *although not an employment contract*, sets forth terms and conditions of employment with J.P. Morgan." Defendant's Answer to First Amended Complaint and Counterclaims at 13, *Pinsky*, 576 F. Supp. 2d 559 (No. 07-CV-3328). Chase's breach of contract claim referenced no agreement except for the Code of Conduct. *See id.* Since J.P. Morgan argued that its employee's violation of the Code of Conduct was a breach of contract, Chase necessarily contended that the Code of Conduct constitutes a contract.

[4] The parties agree that New York law controls the interpretation of Chase's Code of Conduct, and the district court applied New York law. *See* Brief of Appellant at 20-29; Brief of Appellee at 12; *Dombroski, N.A.*, 2012 WL 214343, at \*2.

4

position it took in the *Pinsky* litigation in New York, it is clear that the district court was correct in refusing to create a contractual relationship between Dombroski and Chase, in dismissing Dombroski's complaint and in concluding that Dombroski's attempt to amend the complaint would have been futile. Accordingly, the district court did not err in dismissing Dombroski's complaint for failure to state a claim.[5]

## II.

For the reasons set forth above, we will affirm the district Court's dismissal of the Amended Complaint and its refusal to allow leave to further amend.

---

[5] We exercise plenary review over the dismissal of a complaint for failure to state a claim. *See Toll Bros., Inc.*, 555 F.3d 131, 137 (3d Cir. 2009); *Winer Family Trust v. Queen*, 503 F.3d 319, 325 (3d Cir. 2007). Where, as here, denial of leave to amend is based on "futility," it essentially means that a "complaint, as amended, would fail to state a claim" for relief. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 231 (3d Cir. 2011). Since it is clear on this record that the Code of Conduct was not an enforceable contract, the district court correctly concluded that any amendment to the Amended Complaint would have been futile.